IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:12-418-1 |
| | § | |
| FLAVIO TAMEZ, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Flavio Tamez' Motion to Reenter Judgment so Defendant can Proceed with Appeal (D.E. 820), to which the United States of America (the "Government") has responded (D.E. 828). For the reasons set forth below, Defendant's motion is **DENIED**.

### I. Background

On October 4, 2012, Defendant pled guilty to conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One) and money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (2) (Count Six). Minute Entry, 10/4/2012. His plea was pursuant to a written plea agreement that waived his right to appeal or collaterally attack his sentence or conviction. D.E. 387, ¶ 7. At sentencing, however, the Court allowed Defendant to maintain his right to appeal. D.E. 754, p.17. On March 28, 2013, Defendant was sentenced to 324 months imprisonment to be followed by five years supervised release. D.E. 657. Judgment was entered on March 31, 2013. *Id.*

On April 7, 2013, Defendant filed a motion to reenter the judgment on Count One, for judgment of acquittal on Count Six, and for extension of time to file a Notice of Appeal. D.E. 665. On April 15, the Court granted the motion as to the extension of time but denied the motion to reenter judgment and for judgment of acquittal. D.E. 681. Later that same day, Defendant filed his Notice of Appeal with the Fifth Circuit, which was docketed as Case. No. 13-40438. D.E. 684. On May 16, 2013, the clerk of the Fifth Circuit dismissed the appeal for want of prosecution under 5th Circuit Rule 42.3 after appellate counsel, Larry Warner, failed to timely order the necessary transcripts or make financial arrangements with the court reporter. D.E. 715.

On May 22, 2013, Defendant filed a motion to reinstate his appeal, which the Fifth Circuit denied on July 9 because Defendant failed to remedy the default within 45 days from the date of dismissal. App. D.E. 5/28/2013, 7/9/2013. Defendant next filed an unopposed motion for reconsideration, which was denied. App. D.E. 7/9/2013, 10/21/2013. He then filed an unopposed motion for review by panel, which was also denied. App. D.E. 10/31/2013, 1/16/2014. He next filed a petition for rehearing en banc; however, the Fifth Circuit declined to rule on the petition because it had already issued its final ruling. App. D.E. 1/31/2014. Finally, Defendant filed a petition for a writ of certiori with the Supreme Court, which was denied. D.E. 4/22/2014, 5/20/2014.

**II. Defendant's Motion to Reenter Judgment**

On December 31, 2014, Defendant filed the instant motion to reenter the judgment to restart the period during which he may file a Notice of Appeal. In the motion, filed by appellate counsel, Mr. Werner states that he "failed to supervise his assistants very carefully

in the transition between a retiring assistant and a new assistant," and the appeal was dismissed "[a]s a result of [his] not precisely monitoring the filing of the transcript order forms and the locating and prompt payment of all five court reporters." D.E. 820, p.2.

### III. Legal Standard

When an attorney fails to file or perfect an appeal on behalf of his client, it is *per se* ineffective assistance of counsel, regardless of the merits of the appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 483–86 (2000); *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). When a defendant has been denied effective assistance of counsel because appellate counsel failed to perfect an appeal, the appropriate remedy is for the defendant to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. *See United States v. West*, 240 F.3d 456, 458–59 (5th Cir. 2001). If the district court finds merit to the defendant's claim, it should dismiss the § 2255 motion without prejudice and reenter the criminal judgment, which will trigger Federal Rule of Appellate Procedure 4(b)(1)(A). *See Id.* (citing *Mack v. Smith*, 659 F.2d 23, 25–26 (5th Cir. 1981)). *See also, e.g., United States v. Joubert*, 273 F.3d 1099, 2001 WL 1067725, *1 (5th Cir. Aug. 16, 2001) (unpublished) (construing the district court's grant of an out-of-time appeal as the grant of a motion under 28 U.S.C. § 2255 based on counsel's failure to file a timely notice of appeal and ordering district court to reenter judgment and dismiss § 2255 motion without prejudice).

Where a defendant asserts such a claim in a pleading other than a § 2255 motion, the district court may construe the motion under § 2255. *See United States v. Flores*, 380 Fed. App'x, 371, 372, 2010 WL 2292278, *2 (5th Cir. Feb. 8, 2010) (designated unpublished). However, the Court must first provide the defendant with notice that the motion will be

recharacterized under § 2255. *Id.* (citing *Castro v. United States*, 540 U.S. 375, 381–83 (2003) (before construing pro se litigant's motion as a request for relief under § 2255, the court must notify litigant that it intends to recharacterize the motion, warn the litigant that any subsequent § 2255 motion will be subject to second or successive restrictions, and provide the litigant an opportunity to withdraw or amend the motion to include all of his claims)).

### IV. Analysis

Consistent with the Fifth Circuit precedent cited above, the Government argues that Defendant should follow the proper procedure as discussed in *West* and file a motion pursuant to § 2255. Counsel for Defendant appears to acknowledge as much and states that he will file a motion to vacate on Defendant's behalf asserting a claim for ineffective assistance of counsel in the event the Court denies the present motion to reenter the judgment. *Id.* p.3. Because counsel for Movant has indicated that he intends to file a motion pursuant to § 2255 before the one-year statute of limitations under AEDPA expires, the Court will not recharacterize his present motion to reenter the judgment as such.

### V. Conclusion

For the reasons set forth above, Defendant's Motion to Reenter Judgment so Defendant can Proceed with Appeal (D.E. 820) is **DENIED**.

It is so **ORDERED** this ____ day of __3/4/15__, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE