UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Petitioners, | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-418-1 |
| | § | |
| FLAVIO TAMEZ, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**ORDER DENYING WITHOUT PREJUDICE**
**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Flavio Tamez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 833.[1] The government responded and conceded that counsel's failure to perfect appeal constituted ineffective assistance of counsel such that Tamez should be granted an out-of-time appeal. D.E. 842.

As discussed in more detail herein, the Court concludes that the record demonstrates that counsel's failure to properly perfect appeal which resulted in Tamez's appeal being dismissed constitutes ineffective assistance of counsel. Tamez is entitled to an out-of-time appeal. Accordingly, the Court denies Tamez's motion to vacate without prejudice and separately reenters judgment on his criminal conviction.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

1. Docket entry references are to the criminal case.

## II. FACTS AND PROCEEDINGS

Tamez and others were indicted in May 2012 on multiple counts of drug trafficking and money laundering. Tamez pled guilty to Counts One and Six of the First Superseding Indictment in October 2012. In exchange for his guilty plea and truthfulness at rearraignment, sentencing, and with the Probation Department, the government agreed to recommend that Tamez be given maximum credit for acceptance of responsibility and to recommend a sentence of imprisonment at the lowest end of the applicable sentencing guideline range, as well as to dismiss the remaining count of the Superseding Indictment after sentencing. Tamez waived his right to appeal and to file a motion pursuant to 28 U.S.C. § 2255.

On March 28, 2013, the Court sentenced Tamez to 324 months imprisonment on Count One and 240 months on Count Six, to be served concurrently. Judgment was entered on the docket on April 1, 2013. On April 15, 2013, the Court granted Tamez's request for an extension of time to file a notice of appeal.

The Fifth Circuit gave notice on May 7, 2013, that Tamez failed to return the Transcript Order Forms as required. The Fifth Circuit dismissed the appeal on May 16, 2013, for Tamez's failure to timely order transcripts and make financial arrangements with the court reporters. In June and July 2013, the Court received Transcript Order Forms, but the Fifth Circuit rejected Tamez's motion to reinstate his appeal. Tamez moved this Court to reenter the judgment to restart the appellate deadlines, but the government objected. D.E. 820, 821, 823. The Court denied the motion by Memorandum

Opinion and Order dated March 4, 2015. D.E. 829. On April 1, 2015, Tamez filed his present motion.

### III. MOVANT'S ALLEGATIONS

Tamez raises multiple grounds for relief: 1) whether he has a liberty interest in appeal, 2) whether he was denied his due process rights when his appeal was dismissed for failure to timely pay the court reporters, and 3) whether appellate counsel was ineffective for failing to properly supervise his staff during a transition period to assure that Tamez's appeal was perfected.

### IV. DISCUSSION

#### A.     28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

#### B.     Ineffective Assistance of Counsel

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S.

668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

"The entitlement to effective assistance does not end when the sentence is imposed, but extends to one's first appeal of right." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir.1998)). Counsel's appellate performance is judged under the same *Strickland* standard applicable to trial performance. "When a claim of ineffective assistance of counsel is premised on counsel's failure to raise an issue on appeal, 'the prejudice prong first requires a showing that [the Fifth Circuit] would have afforded relief on appeal.'" *United States v. Reinhart*, 357 F.3d 521, 530 (5th Cir. 2004) (quoting *United States v. Phillips*, 210 F.3d 345, 350 (5th Cir. 2000)). But when counsel's failures deprive a defendant of his right to appeal, a defendant must show that he would have appealed, but for counsel's ineffective assistance. *See Roe v. Flores-*

*Ortega*, 528 U.S. 470, 471, 484 (2000). "Respondent claims that his counsel's deficient performance led to the forfeiture of his appeal. If that is so, prejudice must be presumed." *Id*. at 471.

### C.    Failure to Perfect Appeal

There is no dispute that Tamez sought to appeal and began the process. He filed a notice of appeal and paid the filing fee. *See* D.E. 684. He was represented by counsel, but during the process of perfecting appeal, counsel failed to timely order and pay deposits for the appellate transcripts, which resulted in the dismissal of Tamez's appeal. Counsel's failure to perfect appeal falls below professional standards. *United States v. Alexander*, 2006 WL 345803, at *1 (S.D. Tex. Nov. 28, 2006) (finding that counsel's failure to order transcripts constituted ineffective assistance of counsel).

The remedy for counsel's ineffective assistance in this context is an out-of-time appeal, which is accomplished by the denial of Tamez's § 2255 motion without prejudice and the Clerk's re-entry of the criminal judgment, which begins the appellate timetable anew. *United States v. West*, 240 F.3d 456, 460–61 (5th Cir. 2001). Tamez's notice of appeal from his criminal conviction and sentence must be filed no later than 14 days from the re-entry of the judgment on the docket. *See* FED. R. APP. P. 4(b)(1). Tamez has already retained counsel.

Because the Court can resolve Tamez's § 2255 motion on this single issue, the Court need not address his remaining claims.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that counsel's failure to perfect appeal constitutes ineffective assistance of counsel that entitles Tamez to an out-of-time appeal. Accordingly, this Court **DENIES** the motion to vacate, set aside, or correct sentence (D.E. 833) without prejudice. The Clerk is instructed to reenter the judgment of conviction.

ORDERED this 23rd day of June, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE