United States District Court
Southern District of Texas
**ENTERED**
January 18, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff/Respondent, | § § § | |
| v. | § § | CRIMINAL NO. 2:12-418-1 |
| FLAVIO TAMEZ,<br>Defendant/Movant. | § § § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Flavio Tamez's Motion for Amended Findings and Conclusions and Incorporated Motion to Alter/Amend Judgment (D.E. 943), whereby he moves the Court to amend its September 26, 2017 Memorandum Opinion & Order granting the Government's motion for summary judgment and denying Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 939).

## I. BACKGROUND

Movant pled guilty to conspiracy with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One) and money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(a)(2) (Count Six). Pursuant to a written Plea Agreement, Movant waived his right to appeal his sentence or file a motion under 28 U.S.C. § 2255. The Court accepted Movant's guilty plea after being satisfied that he was competent to enter a plea, there was a factual basis for the plea, he understood the consequences of entering a plea, and he was voluntarily and knowingly pleading guilty.

1

Movant was sentenced to 324 months' imprisonment on Count One and 240 months on Count Six, to be served concurrently and followed by 5 years' supervised release. At sentencing, the Court also attempted to modify the Plea Agreement by rescinding the appellate waiver and allowing Movant to retain his right to appeal. Movant appealed, but the Fifth Circuit dismissed his appeal on the Government's motion for specific performance of the appellate waiver provision of the Plea Agreement. The Supreme Court thereafter denied Movant's petition for a writ of certiorari.

Movant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on March 2, 2017, asserting the following grounds for relief:

> 1) His guilty plea was involuntary because his waiver of his right to appeal and to post-conviction relief is the result of flawed advice from trial counsel regarding his potential sentencing exposure, and he was not correctly advised with respect to his rights to post-conviction relief;
>
> 2) The Court "failed to hew to Rule 11 of the Federal Rules of Criminal Procedure . . . during and in relation to sentencing and re-arraignment hearings," and trial counsel did not adequately represent Movant prior to and at rearraignment;
>
> 3) Appellate counsel was ineffective by failing to thwart the Government's effort to secure dismissal of the appeal under the waiver provision of the Plea Agreement; and
>
> 4) The doctrine of cumulative error arising as a result of ineffective assistance of counsel resulted in the imposition of an unreasonable sentence.

D.E. 899. By written Memorandum Opinion & Order and Final Judgment entered September 26, 2017, the Court granted the Government's motion for summary judgment and denied Movant's § 2255 motion on the grounds that the waiver contained in his written Plea Agreement barred his claims. D.E. 939, 940. Movant's present motion to

amend that Order was mailed on October 24, 2017, according to his Certificate of Service. It is timely. *See* FED. R. CIV. P. 52(b), 59(e).

## II. MOVANT'S CLAIMS

Movant's current motion for amended findings/conclusions or to alter/amend the judgment raises the following issues:

> A. Whether the waiver provision at ¶ 7 of the written Plea Agreement can bar [Movant's] motion under 28 U.S.C. § 2255[;]
> 
> \*\*\*
> 
> B. Whether the plea, plea agreement, and waiver were knowingly, voluntarily, and intelligently entered and enforceable[;]
> 
> \*\*\*
> 
> C. Whether the law-of-the-case doctrine can apply to the instant situation[;]
> 
> \*\*\*
> 
> D. Whether the claims of ineffective assistance of counsel nonetheless fail to pierce the waiver's veil[.]

D.E. 943, pp. 8, 15, 28, 45.

## III. ANALYSIS

### A. FED. R. CIV. P. 52(b)[1]

Citing Federal Rule of Civil Procedure 52(b), Movant first asks the Court to issue "supplemental findings and conclusions" in order to "provide a more complete explanation of the legal foundation for the Order so as to render a record adequate to permit meaningful review." D.E. 943, pp. 7–8.

Rule 52 governs bench trials and provides that, "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its

---

1. The Federal Rules of Civil Procedure apply to federal habeas petitions to the extent that they are not inconsistent with applicable federal statutes and rules. Rule 12, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

3

conclusions of law separately." FED. R. CIV. P. 52(a)(1). The Rule further provides that the Court "is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 . . . ." FED. R. CIV. P. 52(a)(3). Because the Court's September 26, 2017 Memorandum Opinion & Order ruled on the Government's motion for summary judgment under Rule 56, and it did not involve a bench trial, the Court need not state any findings or conclusions other than those previously set forth. Movant's "Motion for Amended Findings and Conclusions" pursuant to Rule 52(b) is therefore **DENIED**.

**B. FED. R. CIV. P. 59(e)**

Movant further moves the Court to alter or amend the judgment pursuant to Rule 59(e) and grant him relief under § 2255.

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). In some instances, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2254);

4

*Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 524 U.S. at 532; *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("Where a . . . motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion.").

Here, Movant's Rule 59(e) motion merely repeats his prior claims that his § 2255 waiver is not enforceable; his plea was not knowing and voluntary; his counsel was ineffective at sentencing; and the law-of-the-case doctrine does not apply.[2] These claims are substantive and are therefore second or successive claims. Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court.[3] *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive

---

2. Movant also offers for the first time the affidavit of attorney Jose Luis Ramos, who was retained to assist defense counsel at sentencing. D.E. 943-2. There is no indication this evidence is "newly discovered" or was "not previously available" when Movant filed his initial motion under § 2255.

3. In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Movant's motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over his claims.

Accordingly, Movant's "Incorporated Motion to Alter/Amend Judgment" under Rule 59(e) is **DENIED**.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

6

The Court finds that Movant cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Movant's Motion for Amended Findings and Conclusions and Incorporated Motion to Alter/Amend Judgment (D.E. 943) is **DENIED**. He is also **DENIED** a Certificate of Appealability.

**ORDERED** 1/18/18.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE